# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUBY COFFEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1258-MLB |
| ) | |
| BRENT RUPERT and the ) | |
| CITY OF SALINA, KANSAS ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Transfer Place of Trial (Doc. 7), seeking an intra-district transfer of the place of trial from Wichita to Topeka. Plaintiff filed a response (Doc. 12); Defendants have indicated to the Court that they do not intend to file a reply.

## BACKGROUND

This is an action brought under 42 U.S.C. § 1983 in which Plaintiff alleges the Defendants violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution. In summary, Plaintiff alleges she was falsely arrested by Defendant Rupert during a domestic disturbance that occurred in Salina, Kansas and that Defendant Rupert used allegedly excessive force in the process. Plaintiff also alleges that the City of Salina employed inadequate policies

and procedures to supervise and train its police officers. Defendants deny these allegations.

## DISCUSSION

In their Motion to Change Venue, Defendants argue that Topeka would be "more convenient for all of the parties and witnesses, more cost effective, and would be more efficient due to the scheduling of witnesses who would only have to travel from Salina, to Topeka, as opposed to Wichita, Kansas." (Doc. 7 at 3.) Defendants continue that the only person inconvenienced "in any manner" by the requested transfer to Topeka would be Plaintiff's counsel, who is located in Wichita. (*Id.*) Plaintiff responds that the motion should be denied because "there is no compelling reason for a transfer of the trial location..." (Doc. 12 at 2.) Further, Plaintiff argues that the parties and witnesses reside in Salina, Kansas, which is closer to Wichita than Topeka. *Id*.

### A.   MAGISTRATE'S AUTHORITY TO ORDER AN INTRA-DISTRICT TRANSFER

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and decide matters that are nondispositive in nature subject to review by the district court under a clearly erroneous standard. The Court believes this motion to be a nondispositive matter upon which it may rule subject only to deferential review.

Although no case from the Tenth Circuit has ruled on this precise issue, case

law from the Tenth Circuit and other circuits strongly suggests that motions for intra-district transfer are nondispositive in nature. In ***Ocelot Oil Corp. v. Sparrow Industries,*** 847 F.2d 1458, 1462 (10th Cir. 1988), the Tenth Circuit held that a magistrate judge was not permitted to impose the discovery sanction of striking the plaintiff's pleadings with prejudice because such sanction had the practical effect of dismissing the plaintiff's suit and preventing it from further pursuing its action. Later, in ***First Union Mortg. Corp. v. Smith***, 229 F.3d 992 (10th Cir. 2000), the Tenth Circuit held that a magistrate did not have authority to remand a case to state court. In ***Smith***, the court again likened the magistrate's order to a dismissal, reasoning that a "remand order is a final decision in the sense that it is dispositive of all the claims and defenses in the case as it banishes the entire case from the <u>federal court</u>." *Id*. at 996 (quotations and citations omitted) (emphasis added).

The present motion cannot be likened to a motion to dismiss because an intra-district transfer neither prevents any party from pursuing its claims nor banishes either party from federal court. Indeed, granting such motion would not even banish the parties from this judicial district, but would only change the place of trial (and possibly the presiding judge) within this district. The Court does not believe that such an action can reasonably be considered dispositive. *See e.g.,* ***Third Millennium Technologies, Inc. v. Bentley Systems, Inc.****,* Case No. 03-1145,

3

2003 WL 22003097, at *1–2 (D. Kan. Aug. 21, 2003) (Bostwick, Magistrate J.) (holding that a motion to stay proceedings pending arbitration was not dispositive in nature because the federal court retained authority to review the arbitration award and the parties were, accordingly, not banished from federal court); *see also* **Bitler v. A.O. Smith Corp**, Case No. 98-1897, 2001 WL 1579378 (D. Colo. Dec. 10, 2001) (Magistrate Judge Boland issuing an "Order" denying a motion for intra-district transfer without discussion of magistrate authority to do so); *cf.* **Blinzler v. Marriott Intern., Inc.,** 857 F.Supp. 1, 2 (D.R.I.1994) (holding that a motion to transfer venue is a nondispositive matter) (citations omitted).

### B.   INTRA-DISTRICT TRANSFER

D. Kan. Rule 40.2 requires the parties to file a request stating the name of the city where they desire the trial to be held, but also provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering an intra-district transfer, courts in this district generally look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).

Under section 1404(a), a court should consider (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other

4

practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991); *Lavin v. The Lithibar Co.*, Case No. 01-2174, 2001 WL 1175096, at *1 (D. Kan., Sept. 19, 2001).  There is a strong presumption in favor of a plaintiff's choice of forum.  *Lavin*, 2001 WL 1175096, at *1–2.  A defendant has the burden of proving that a plaintiff's choice of forum is inconvenient, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.  *Id*. at *1.  Cases are generally not transferred between cities except for the most compelling reasons.  *Bauer v. City of De Soto, Kan.*, Case No. 04-4027, 2004 WL 2580790, *1 (D. Kan. Nov. 3, 2004) (citations omitted).

In this case, Defendants' justification for overruling Plaintiff's choice of forum is that Topeka is more convenient for everyone involved other than Plaintiff's counsel.  The Court fails to grasp Defendants' reasoning when, by the Court's calculation, Salina, where Plaintiff and most of the relevant witnesses will be located, is approximately 90 miles from Wichita and 110 miles from Topeka.  With this in mind, the Court does not agree with Defendants that Topeka would be "more convenient for all of the parties and witnesses, more cost effective, and...more efficient due to the scheduling of witnesses..." (Doc. 7 at 3.)  Furthermore, the Court gives little weight to the fact that Defendants have chosen

5

counsel from Topeka.

Defendants have failed to offer any compelling reasons for the requested transfer.  *Id*. at *1.  Accordingly, the Court is unable to find that Topeka is a sufficiently more convenient venue for trial to justify a transfer.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue of Action from Wichita to Topeka (Doc. 7) is DENIED with prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 31st day of January 2006.

                            s/ Donald W. Bostwick
                            DONALD W. BOSTWICK
                            United States Magistrate Judge